NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Nos. 12-1128/1584/1585/1738

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | **FILED**<br>*Mar 15, 2013*<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF |
| STEVEN WOODWARD, | ) ) | MICHIGAN |
| Defendant-Appellant. | ) | |

O R D E R

Before: CLAY and ROGERS, Circuit Judges; GRAHAM, District Judge.[*]

Steven Woodward appeals a district court grant of summary judgment in part for the plaintiff

college of medicine, permanently enjoining Woodward from continuing to publish on the internet

seven specific statements about the plaintiff that the district court concluded were defamatory. This

case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure

34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed.

Fed. R. App. P. 34(a).

Woodward is a disgruntled former student who attended the plaintiff foreign medical school,

the American University of Antigua, until he was dismissed after problems arose while he was

participating in a clinical rotation at a Michigan hospital. *See Woodward v. Trinity Health-Mich.*,

No. 292172, 2011 WL 118812, at *1 (Mich. Ct. App. Jan. 13, 2011). Following his dismissal,

Woodward sued the Michigan hospital and his former medical school in the Oakland County,

_____

[*]The Honorable James L. Graham, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

Nos.  12-1128/1584/1585/1738
- 2 -

Michigan, Circuit Court, asserting several state-law claims including breach of contract.  *Id.*  The

Oakland Circuit granted summary disposition in favor of the defendants, and the Michigan Court of

Appeals affirmed the judgment.  *Id.*  Woodward did not appeal to the Michigan Supreme Court.

While Woodward's appeal to the Michigan Court of Appeals was pending, plaintiff filed its

verified complaint in the district court alleging, *inter alia*, that Woodward published defamatory

statements about the school on an internet website he maintained at an internet address confusingly

similar to the school's own website.  Plaintiff asserted that the district court had diversity of

citizenship jurisdiction over its defamation claims, but also asserted that the district court had

supplemental jurisdiction because of three federal claims it asserted against Woodward under the

Lanham Act, 15 U.S.C. § 1125(c), the Anticybersquatting Consumer Protection Act, 15 U.S.C.

§ 1125(d), and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

Thereafter, plaintiff moved the district court for a partial summary judgment, Woodward

responded in opposition, and plaintiff filed a reply.  Following a hearing, the district court granted

plaintiff's motion for a partial summary judgment with respect to some of its defamation claims, and

permanently enjoined Woodward from publishing seven specific statements about plaintiff.  *Am.*

*Univ. of Antigua Coll. of Med. v. Woodward*, 837 F. Supp. 2d 686, 701–02 (E.D. Mich. 2011).

Woodward filed a motion to reconsider the partial summary judgment, and while that motion was

pending, Woodward also filed a notice of appeal taken from the partial summary judgment docketed

in this Court as appeal No. 12-1128.  *See Am. Univ. of Antigua Coll. of Med. v. Woodward*, No. 12-

1128 (6th Cir. Apr. 30, 2012).  After the district court denied his motion to reconsider, Woodward

filed a notice of appeal from that ruling as well.  Woodward also filed a "response" to the district

court order that denied his motion to reconsider, which the district court construed as another motion

to reconsider, and denied the motion.  Woodward filed a notice of appeal taken from that decision

as well.  Finally, after plaintiff notified the court that it would not pursue its remaining claim for

money damages against Woodward, the district court entered a final judgment for plaintiff, and

Woodward filed another notice of appeal taken from the final judgment.  This Court consolidated Woodward's four appeals for briefing and submission.

On appeal, Woodward contends that:  (1) plaintiff abused the discovery process and otherwise made false claims and representations; (2) the district court was biased against him, lied in its rulings, and otherwise violated his civil rights; and (3) his published statements about the plaintiff were not defamatory.  Plaintiff responds that the district court properly deemed Woodward's statements defamatory and properly enjoined him from continuing to publish the statements.  In his reply brief, Woodward contends that the district court proceedings were corrupt.  Upon consideration, we affirm the judgment because the district court properly enjoined Woodward from continuing to publish defamatory statements, and because Woodward's claims on appeal otherwise lack merit.

This court reviews *de novo* the district court's grant of summary judgment, and applies federal procedural rules and Michigan substantive law to the defamation claim at issue in these appeals.  *See Rupert v. Daggett*, 695 F.3d 417, 422–23 (6th Cir. 2012).  "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* at 422 (quoting Fed. R. Civ. P. 56(a)).  Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party.  *Id.*  Here, the partial summary judgment for plaintiff was proper.

Under Michigan law, "'[a] communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'"  *See Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010) (quoting *Nuyen v. Slater*, 127 N.W.2d 369, 374 (Mich. 1964)).

> Generally, to sustain a claim of defamation, the following elements must be established:  (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to

negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Id*. (citing *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005)).  Under Michigan law, per se defamation claims include statements involving the commission of crimes and the "disparagement of one's profession or business." *Nehls v. Hillsdale Coll.*, 65 F. App'x 984, 991 (6th Cir. 2003); *see also Savage v. Lincoln Benefit Life Co.*, 49 F. Supp. 2d 536, 541, 544 (E.D. Mich. 1999); *Heritage Optical Ctr., Inc. v. Levine*, 359 N.W.2d 210, 212 (Mich. Ct. App. 1984).  Plaintiff established that Woodward published seven specific defamatory statements about plaintiff.

The district court properly deemed Woodward to have admitted that he published the seven statements at issue in this case knowing that they were false.  Woodward acknowledged to the district court that he did not submit timely responses to plaintiff's Federal Rule of Civil Procedure 36 requests that he admit that he published the statements knowing they were false.  "[A] request for admissions which is not responded to within the applicable time period 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *See Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997) (quoting Fed. R. Civ. P. 36(b)).  While the district court liberally construed Woodward's assertions that the matters should not be deemed admitted as a motion to withdraw or amend his admissions, the district court did not abuse its discretion in denying the motion.

By its terms, Federal Rule of Civil Procedure 36(b) permits "withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  This test favors the presentation of a civil case on its merits, and the district court must consider any "special difficulties a party may face" maintaining or defending its case upon a withdrawal or amendment of an admission. *See Kerry Steel, Inc.*, 106 F.3d at 154.  Under the circumstances of this case, the district court did not abuse its discretion in denying Woodward leave to withdraw or amend his admissions.  Permitting Woodward to withdraw or amend his admissions would have served only

to unduly prolong litigation of this case.  All seven of Woodward's statements at issue in this case

involve the commission of crimes or disparage plaintiff's business or profession, and are therefore

per se defamatory under Michigan law unless true.  *See Nehls*, 65 F. App'x at 991.  Although

Woodward continues to assert on appeal that at least certain aspects of his statement are true and

therefore not defamatory, the record does not support Woodward's assertions.  Notwithstanding

Woodward's characterization of plaintiff's and plaintiff's counsel's conduct as criminal, all of the

evidence of record reflects only a dispute between the parties about whether plaintiff's dismissal of

Woodward from its medical school was justified.

On appeal, Woodward asserts that further discovery might have provided additional evidence

in his favor.  Woodward's claims that plaintiff abused the discovery process primarily relate to his

motion, filed less than three weeks before the close of discovery, to compel plaintiff to respond to

his interrogatories and requests for admissions and for the production of documents.  That motion

was referred to the magistrate judge, who ordered plaintiff to respond to the motion.  Ultimately, the

magistrate judge granted Woodward's requests for the production of documents to the extent that

plaintiff had not already fulfilled the requests, but the magistrate judge did not rule until well after

the district court had conducted its hearing on plaintiff's motion for partial summary judgment.

While the record reflects that Woodward was not completely satisfied with plaintiff's response to

his requests for documents, he cannot point to any relevant evidence that might have overcome his

admissions that his statements at issue in these appeals were defamatory.  In short, Woodward cannot

point to any genuine issue as to any material fact that might affect the outcome of this lawsuit.  *See*

*Anderson*, 477 U.S. at 248.  Under these circumstances, the district court did not abuse its discretion

in denying him leave to withdraw or amend his admissions.

Woodward's contention on appeal that the district court was biased against him lacks merit.

Essentially, Woodward contends that the district court was critical of him, attempted to intimidate

him into accepting appointed counsel despite a conflict of interest, made false statements in its

rulings, and jailed Woodward for contempt when he pointed out the court's false statements.

However, Woodward cites no extrajudicial or other improper bias that would lead a reasonable, objective person to question the district court's impartiality, or that otherwise constitutes grounds for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

The district court properly summarily held Woodward in contempt of court given that Woodward's many untoward remarks in open court were obviously contemptuous.  *See Vaughn v. City of Flint*, 752 F.2d 1160, 1167–68 (6th Cir. 1985); *United States v. Schiffer*, 351 F.2d 91, 93–94 (6th Cir. 1965).  Notably, Woodward's contempt followed the district court's partial grant of summary judgment primarily at issue in these appeals.  Woodward cites nothing that warranted recusal, and the record reflects that the district court did not exhibit any bias against Woodward.  *See Liteky*, 510 U.S. at 555; *In re Hake*, 348 F. App'x 80, 82–83 (6th Cir. 2009).  On the contrary, aside from the narrowly tailored partial grant of summary judgment for plaintiff with respect to the seven statements at issue in this appeal, the district court ruled in Woodward's favor with respect to all of plaintiff's claims.  Woodward's assertions that the district court was unduly critical of him, attempted to intimidate him into accepting appointed counsel, and lied in its rulings simply are belied by the record.  A review of the record as a whole plainly reflects that Woodward's remaining claims on appeal are meritless.

Finally, Woodward's motions to take judicial notice will be denied.  Woodward's perjury and false-declaration assertions relate to counsel's representations, pursuant to Rule 26.1, Rules of the Sixth Circuit, that the American University of Antigua is not a subsidiary of a publicly owned corporation and that no non-party publicly owned corporation has a financial interest in the outcome of these appeals.  To the extent that he contends that certain documents show counsel's alleged misrepresentations, the underlying facts are neither relevant to the questions at issue in this appeal nor are they beyond reasonable dispute.  *See United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). Woodward's remaining assertions are equally irrelevant.  Accordingly, Woodward's motions to take judicial notice will be denied.

Nos.  12-1128/1584/1585/1738
- 7 -

For the foregoing reasons, Woodward's motion to take judicial notice is denied, and the

district court's judgment is affirmed.  *See* Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Clerk